UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4929(DSD/JJK)

Katie J. Felder, as trustee
for the next of kin of
Dominic Aries Felder,

       Plaintiff,

v.                                       **ORDER**

Jason King, individually and in
his official capacity as a City
of Minneapolis Police Officer,
Lawrence Loonsfoot, individually
and in his official capacity as
a City of Minneapolis Police Officer,
and City of Minneapolis,

       Defendants.

    James R. Behrenbrinker, Esq., 400 South Fourth Street, Suite 202, Minneapolis, MN 55415 and Douglas L. Micko, Esq., Beth A. Erickson, Esq., and Lawrence P. Schaefer, Esq. and Schaefer Law Firm, 400 South Fourth Street, Suite 202, Minneapolis, MN 55415, counsel for plaintiff.

    Timothy S. Skarda, Esq., Sara J. Lathrop, Esq., Minneapolis City Attorney's Office, 350 South Fifth Street, Room, 210, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court upon the motions for attorneys' fees and for review of taxation of costs by plaintiff Katie J. Felder. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions in part.

**BACKGROUND**

On October 25, 2010, a jury found defendants Jason King and Lawrence Loonsfoot liable under 42 U.S.C. § 1983 and common law assault and battery for use of excessive force against Dominic Felder (decedent). The jury awarded Felder $1,010,000 in compensatory damages and $800,000 in punitive damages. Thereafter, Felder moved for award of attorneys' fees and costs under Federal Rule of Civil Procedure 54(d), 42 U.S.C. § 1988(b) and 28 U.S.C. § 1920. On March 9, 2011, the Clerk of Court taxed $6,503.90 in costs in favor of Felder. Felder moved for review of the cost judgment. The court now considers the motions.

**DISCUSSION**

**I.   Attorneys' Fees**

In an action under § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "To be a prevailing party, a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Gill v. Maciejewski, 546 F.3d 557, 565 (8th Cir. 2008) (citation and internal quotation marks omitted). The extensive contact with the parties and familiarity with the issues make determination of the reasonable amount of attorney fees peculiarly within the discretion of the district court. See Greater Kansas City Laborers

Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984). In the present case, defendants do not dispute that Felder is a prevailing party, and as a result only the reasonable amount of fees is at issue.

As an initial matter, Felder agrees that several of her fee requests are improper. Specifically, she does not dispute removal of $572.50 spent to publicize her position in the media and $211.50 spent in another matter. Therefore, Felder requests a total fee award of $392,079.75.

In assessing the reasonableness of fees, the court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983). The court need not "examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award." Griffin v. Jim Jamison, Inc., 188 F.3d 996, 998 (8th Cir. 1999). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably

3

expended by the reasonable hourly rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citation omitted).

In calculating the reasonable number of hours expended, the court excludes "excessive, redundant or otherwise unnecessary" hours. Hensley, 461 U.S. at 434. The present excessive-force matter was not unusually complex or difficult. Regardless, plaintiff seeks compensation for the work of numerous different lawyers and paralegals. While some change in staffing is inevitable over the course of four years, such diffusion of work inevitably results in inefficiency and redundancy of effort. The billing records show many hours recorded and billed for updates and communication between various lawyers. Felder explains fifty-seven entries as "office conference with co-counsel," email correspondence with counsel, or another form of update.

Defendants argue that the fee award should be reduced by $57,071 to account for the redundant, excessive and unnecessary hours. The court disagrees; such a reduction overstates the amount of redundant and unnecessary time spent. Felder discounted some of the hours that resulted from the additional work in 14 of the 57 entries. However, most entries are unchanged, and Felder does not explain the need for such over-staffing. As a result, the court finds that a modest reduction of the fee award is warranted.

A reduction is also warranted based on Felder's overall degree of success in this action. When, as here, "a plaintiff has

4

achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. To be certain, Felder was highly successful in her excessive-force claims, and the jury awarded a large sum. That award does not, however, negate Felder's failure in the other central claim of municipal liability against Minneapolis. As Felder states, this fact affects the reasonable amount of fees. See Pl.'s Mem. Supp. 6, ECF No. 111.

Felder argues, however, that she has already discounted time spent on the failed claim. The billing records show over 140 hours of work on the summary judgment motion that disposed this claim. Although Felder discounted 5.75 hours for "research on Monell claim," it is evident that more than 5.75 hours of work went into the municipal-liability claim at summary judgment. As a result, a modest reduction is also warranted based on degree of success.

Therefore, based on a careful consideration of the Hensley factors, a slight reduction is warranted. The court finds that an award of fees in the amount of $372,475.76 is reasonable in this case. This award is made jointly and severally against King and Loonsfoot.

**II.   Costs**

In her original motion, Felder urged the court to approve taxation of $26,839.58 in expert witness fees as costs. The Clerk of Court denied those costs, as well as costs for photocopying. Felder also moves for review of that cost judgment.

The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (citation and quotation omitted). Unless a federal statute, rules or court order provides otherwise, "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In addition to other costs, the Clerk of Court may tax "[f]ees and disbursements for printing and witnesses" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(3)–(4). Defendants have the burden to show that the cost judgment "is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation and citation omitted).

    **A.   Expert Fees**

Witnesses attending "any court of the United States ... shall be paid an attendance fee of $40 per day for each day's attendance" plus documented travel costs. 28 U.S.C. § 1821(a)–(d). Those fees and travel costs are taxable as costs under 28 U.S.C. § 1920. Id.

§ 1821(c)(4).  "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Minnesota law differs. The Minnesota Legislature vests discretion in the court to award expert witness fees.  See Minn. Stat. § 357.25 ("The judge of any court of record, before whom any witness is summoned or sworn and examined as an expert in any profession or calling, *may allow such fees or compensation as may be just and reasonable*." (emphasis added)).

Felder argues that Minnesota law should govern expert-witness costs under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), because the case involves a mixture of federal and state law.  In support, Felder first cites Henning v. Lake Charles Harbor & Terminal Dist., 387 F.2d 264, 267 (5th Cir. 1968), for the proposition that expert witness fees are controlled by state substantive law.  Felder fails to tell the court, however, that the Fifth Circuit expressly confined Henning to "the special case of Louisiana eminent domain proceedings" and noted that "no violence is done to the twin aims of the Erie doctrine of preventing forum shopping and avoidance of inequitable administration of the laws by the application of federal procedural provisions to the taxing of costs, including expert witness fees."  Chevalier v. Reliance Ins. Co. of Ill., 953

F.2d 877, 886 (5th Cir. 1992) (citing Cates v. Sears, Roebuck & Co., 928 F.2d 679, 689 (5th Cir. 1991)). Felder further cites Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103 (8th Cir. 1992). Felder misrepresents the holding of Simeone. The Eighth Circuit allowed expert fees under state law in Simeone for "a prior *state* court proceeding, not a federal court proceeding wherein expert witness costs might be limited by Sections 1821 and 1920." Id. at 108 (applying Rule 41(d)).

In addition to citing inapposite cases, Felder fails to show that expert witness fees are appropriate in this case. This action included substantially identical claims of excessive use of force under both state and federal law. The mere presence of state-law claims under supplemental jurisdiction does not make application of § 1820 a subversion of a state-law right. See Humann v. KEM Elec. Co-op., Inc., 497 F.3d 810, 813 (8th Cir. 2007) (holding that "[t]he award of costs in federal court is governed by Rule 54(d), rather than by state law that conflicts with Rule 54" in case involving mixed federal and state law).

Moreover, even in a pure diversity action, the suggestion that state law controls "ordinary items of costs" under Erie "clearly is unsound." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2669 (3d ed. 1998 & 2011 Supp.) (collecting cases). This is especially true where, as here, neither the state legislature nor the state courts give express

8

indication of a special state interest in providing litigants recovery of expert witness fees. Instead, the Minnesota Legislature made award of such fees discretionary. Therefore, Rule 54(d) and §§ 1821 and 1920 control witness fees in the present action, and the court overrules the objection.[1]

### B. Printing Fees

Felder also argues that the Clerk improperly disallowed printing costs for 874 copies, including 325 color photocopies. Felder introduced copies of photographs and other documents into evidence at trial, but the bare receipts provided to the Clerk gave no basis to determine which, if any, of these photocopies were "necessarily obtained for use in the case." Defendants suggest that $149.00, which reflects the fees for printing 100 color copies, labor and a CD, is proper. Based on evidence introduced at trial, the court agrees, and awards Felder $149.00 in fees for printing, to be taxed against defendants.

---

[1] Other recent decisions of district and appellate courts have reached the same conclusion. See, e.g., First Nat. Mortg. Co. v. Fed. Realty Inv. Trust, 631 F.3d 1058, 1070-71 (9th Cir. 2011) ("[F]ederal law should control the reimbursement of expert witnesses in federal courts sitting in diversity jurisdiction." (citation and internal quotation marks omitted); Kearney v. Auto-Owners Ins. Co., No. 8:06-00595, 2010 WL 1856060, at *1 (M.D. Fla., May 10, 2010) ("A district court, however, may only award those costs specifically permitted by federal law, even where the court, as in this case, sits under diversity jurisdiction to adjudicate state law claims."); Grabau v. Target Corp., No. 06-01308, 2009 WL 723340, at *1 (D. Colo.) Mar. 18, 2009) ("[F]ederal law controls the assessment of costs in a diversity case.").

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for attorney fees [ECF No. 109] is granted;

2. Plaintiff is awarded $372,475.76 for her attorneys' fees jointly and severally against defendants King and Loonsfoot;

3. The motion for review of taxation of costs [ECF No. 147] is granted in part:

   a. Plaintiff is awarded an additional $149.00 in costs for fees for printing; and

   b. The Clerk of Court shall amend the Cost Judgment [ECF No. 146] to reflect an additional $149.00 in fees for printing, to result in a total allowance of $6,652.90.


Dated: May 31, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court